IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL R. SIMMONS,**

    **Plaintiff,**

    **v.**

**KANSAS DEPARTMENT OF REVENUE,**

    **Defendant.**

Case No. 16-2823-JAR-GLR

## MEMORANDUM AND ORDER

On December 20, 2016, Plaintiff Michael R. Simmons filed a pro se Complaint asking this Court to delay the Kansas Department of Revenue's sale of his assets to satisfy his tax deficiency. At the time he filed his Complaint, Plaintiff applied for leave to proceed in forma pauperis, which is currently pending. If that motion is granted, the Clerk's office will be directed to serve summons and the Complaint on Defendant.[1] Thus, Defendant has not yet been served. Before the Court is Plaintiff's Motion for Stay of Execution (Doc. 4), filed today, which asks this Court to "stay" Defendant from completing the sale of Plaintiff's assets, which he represents will become final today at 7:10 pm CST.

In the Complaint, Plaintiff invokes Fed. R. Civ. P. 62 as authority for this Court's power to stay execution of a judgment. But Plaintiff's reliance on this rule is misplaced. Rule 62 applies when a party seeks to stay execution of a federal district court's own judgment. Here, Plaintiff seeks to stay execution of a sale made to satisfy a Kansas state tax obligation. The Court lacks authority to take such action under Rule 62.

---

[1] *See* 28 U.S.C. § 1915.

1

Because Plaintiff proceeds pro se, the Court must liberally construe his pleadings.[2] Liberally construing his Complaint and motion, perhaps Plaintiff asks the Court to issue a temporary restraining order without notice. Fed. R. Civ. P. 65(b)(1) establishes that

> [t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Plaintiff's motion fails both prongs of Rule 65(b)(1). Plaintiff has not submitted an affidavit showing that he will suffer immediate and irreparable injury if the Court declines to issue a temporary restraining order without notice. Although Plaintiff asserts he will be irreparably damaged by the sale of his assets, which becomes final later today, he does not explain why no effort was made to give notice to Defendant of this action when the case was filed on December 20, or why he waited until after the sale to seek a stay. Furthermore, it is unclear that this Court has jurisdiction to review a Kansas citizen's challenge to a Kansas state agency's action in aid of satisfying a tax deficiency.[3]

In his motion, Plaintiff also seeks leave of Court to serve the Complaint and this Court's Order on the Kansas Department of Revenue. Plaintiff shall await a ruling on his motion to proceed in forma pauperis. If that motion is granted, "[t]he officers of the court shall issue and serve all process."[4]

For all of these reasons, Plaintiff's motion to stay execution must be denied.

---

[2]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[3]*See* 28 U.S.C. § 1332; *see Lambeth v. Miller*, 363 F. App'x 565, 567 (10th Cir. 2010) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)) (discussing the *Rooker-Feldman* doctrine).

[4]28 U.S.C. § 1915(d).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Stay of Execution (Doc. 4) is **denied**.

**IT IS SO ORDERED.**

Dated: January 5, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE