## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MICHAEL R. SIMMONS,

      Plaintiff,

      v.                                   Case No. 16-2823-JAR-GLR

KANSAS DEPARTMENT OF REVENUE, and
EQUIP-BID AUCTIONS

      Defendants.

## REPORT AND RECOMMENDATION

### NOTICE

Within fourteen days after a party is served with a copy of this Report and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the Report and Recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

### REPORT AND PROPOSED FINDINGS

The Court has previously granted Plaintiff leave to proceed in forma pauperis.[1] As a result, his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2). As explained more fully below, the Court recommends dismissal of this action for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

---

[1]Doc. 6.

# SCREENING

## A.    Background

Plaintiff, proceeding pro se, alleges that one or both Defendants seized Plaintiff's assets and delivered the assets to an auction company to be sold at auction, pursuant to state tax demands from the Kansas Department of Revenue.  Plaintiff alleges that Defendant did this in spite of its awareness of the existence of prior and superior claims on these assets.  As a result of the seizure of these assets, Plaintiff alleges he and his business suffered severe financial loss.  In his Complaint, Plaintiff requested a thirty-day "stay of proceedings to enforce a judgment" pursuant to Fed. R. Civ. P. 62, apparently in an effort to stay the execution of a sale made to satisfy a Kansas state obligation.  Defendant repeated his request in a Motion for Order Granting Stay of Execution.[2]  The Court, on January 5, 2017, denied Plaintiff's motion.[3]

## B.    Subject Matter Jurisdiction

Although 28 U.S.C. § 1915(e)(2) does not contemplate dismissal for lack of subject matter jurisdiction, a court lacking jurisdiction must dismiss a case at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking.[4]  Thus, when a court encounters a jurisdictional issue in the process of screening a complaint pursuant to § 1915(e)(2), the court has a duty to address the issue.[5]

---

[2]Doc. 4.

[3]Doc. 5.

[4]Fed. R. Civ. P. 12(h)(3) ("If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (explaining that courts have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," and if "a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety").

[5]*See Burkett v. Scammehorne*, No. 10-2529-MLB, 2010 WL 4457383, at *1 (D. Kan. Nov. 1, 2010) (citing *Laughlin v. KMART Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)) (addressing subject matter jurisdiction in conjunction with § 1915(e)(2) analysis).

Plaintiff first suggests in his Complaint that subject matter jurisdiction arises based on diversity of citizenship of the parties.[6] "When jurisdiction is premised on diversity of citizenship under 28 U.S.C. § 1332(a), as is the case here, each plaintiff must be diverse from each defendant to have what is known as complete diversity."[7] Here, Plaintiff alleges that he is a citizen of Kansas, and one of the Defendants is a citizen of Kansas while the other is a Missouri corporation. Because both Plaintiff and one of the Defendants are Kansas citizens, there is a lack of complete diversity as required by § 1332(a). The Court therefore lacks diversity jurisdiction.

Plaintiff also asserts that jurisdiction arises based on violation of civil or equal rights, privileges, or immunities pursuant to 28 U.S.C. § 1343. Plaintiff requests, *inter alia*, a stay of execution of a state court judgment regarding the disposition of his assets.[8] Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to review state court judgments.[9] The *Rooker-Feldman* doctrine "precludes federal district courts from effectively exercising appellate jurisdiction over claims 'actually decided by a state court' and claims 'inextricably intertwined' with a prior state-court judgment."[10] In *Weaver v. Boyles*, this Court dismissed an action similar to this case, premised on § 1343 jurisdiction, in which the plaintiff sought reversal of state agencies and private companies' seizure of his assets pursuant to state court judgments.[11] In dismissing the plaintiff's Complaint, Judge Crow explained that the *Rooker-Feldman* doctrine barred the plaintiff's claim because granting the requested relief would require the Court to

---

[6]*See* Doc. 1 at 2.

[7]*Ravenswood Inv. Co. v. Avalon Correctional Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011) (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 & n.1 (1989)).

[8]Doc. 1 at 4 (requesting a thirty-day stay of proceedings to enforce a state judgment, pursuant to Fed. R. Civ. P. 62).

[9]*Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991); *Anderson v. State of Colorado*, 793 F.2d 262, 264 (10th Cir. 1986).

[10]*Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1233 (10th Cir. 2006) (quoting *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 473 (10th Cir. 2002)).

[11]172 F. Supp. 2d 1333, 1338–39 (D. Kan. 2001).

review and declare wrong the prior state judgments.[12]  As in *Weaver*, Plaintiff's claims here are "inextricably intertwined" with state judgments concerning the disposition of his assets. Accordingly, the Court lacks jurisdiction to pass upon Plaintiff's claims.

### C.     Failure to State a Claim

In addition to recommending dismissal for lack of jurisdiction, the Court also recommends dismissing this case for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Under § 1915(e)(2)(B), a court, after granting leave to proceed in forma pauperis, must screen a Complaint to determine whether the case should be dismissed because "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

In determining whether a case must be dismissed for failure to state a claim under § 1915(e)(2)(B)(ii), courts employ the same standard applicable to determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[13]  To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[14]  "[T]he complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[15]  The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but requires more than "a sheer possibility."[16]  "[M]ere 'labels and conclusions,' and 'a formulaic

---

[12]*Id.*

[13]*Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007) (citations omitted).

[14]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[15]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[16]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[17]  Finally, the Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[18]

The Supreme Court has explained the analysis as a two-step process.  For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[19]  Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[20]  Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[21]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[22]

Even assuming the truth of Plaintiff's allegations, the Court finds that Plaintiff has failed to state a claim for relief.  Plaintiff recites only threadbare allegations concerning the seizure of his assets and the allegedly prior claims on the assets.  Plaintiff provides no allegations as to what the other claims were, and no allegations that suggest that these claims took priority over Defendants' claims.  Plaintiff alleges that Defendants acted pursuant to a judgment, but he does

---

[17]*Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[18]*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[19]*Id.*

[20]*Id.* at 679.

[21]*Id.*

[22]*Id.* at 678.

not provide any allegations as to this judgment or how it was in error.[23]  Without further allegations demonstrating that Plaintiff is entitled to the assets he describes in his Complaint, the Court cannot find that Plaintiff has stated a plausible claim for relief.  Therefore, the Court recommends dismissal of this action pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim.

## **RECOMMENDATION**

For the foregoing reasons, the undersigned magistrate judge recommends that the Court summarily dismiss this action for lack of jurisdiction and for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas, this 6th day of February, 2017.


*s/ Gerald L. Rushfelt*
Gerald L. Rushfelt
United States Magistrate Judge

---

[23]As explained above, the Court lacks jurisdiction to review a state court judgment pursuant to the *Rooker-Feldman* doctrine. *See supra* Part B.