IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL R. SIMMONS,**

    **Plaintiff,**

    v.

**KANSAS DEPARTMENT OF REVENUE, and EQUIP-BID AUCTIONS,**

    **Defendants.**

Case No. 16-2823-JAR-GLR

## MEMORANDUM AND ORDER

This matter arises out of the alleged seizure and sale of Plaintiff Michael Simmons' assets and property by the Kansas Department of Revenue. Plaintiff, proceeding *pro se* and *in forma pauperis*, alleges in his Complaint that Defendants Kansas Department of Revenue ("KDOR") and Equip-Bid Auctions seized his assets and sold them pursuant to state tax demands. In a Report and Recommendation (Doc. 7) filed on February 6, 2017, Magistrate Judge Gerald L. Rushfelt recommended the case be dismissed. This matter is before the Court on Plaintiff's Objections to the Report and Recommendations (Doc. 8). As discussed more fully below, the Court adopts the Report and Recommendation and dismisses the case.

**I.    Background**

The following facts are taken from Plaintiff's Complaint.[1] Defendant KDOR seized Plaintiff's assets pursuant to state tax demands. Plaintiff claims Defendant KDOR seized these assets knowing they were subject to a senior lienholder. As a result of the asset seizure, Plaintiff alleges he and his business suffered severe financial loss. Plaintiff, attempting to stay the sale of his property, requested in his Complaint a thirty-day "stay of proceedings to enforce the

---

[1]Doc. 1.

judgement" pursuant to Fed. R. Civ. P. 62.[2] Plaintiff repeated his request in a Motion for Order Granting Stay of Execution.[3] On January 5, 2017, the Court denied Plaintiff's motion.[4] On February 6, 2017, Judge Rushfelt issued a Report and Recommendation recommending dismissal for lack of subject matter jurisdiction and for failure to state a claim upon which relief could be sought.

## II.  Legal Standard

The standard the Court must employ when reviewing objections to a report and recommendation can be found in 28 U.S.C. § 636(b)(1), which provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.[5]

The Tenth Circuit requires that objections to a magistrate judge's recommended disposition "be both timely and specific to preserve an issue for de novo review by the district court. . . ."[6] An objection is timely if it is made within 14 days after service of a copy of the recommended disposition.[7] An objection is sufficiently specific if it "focus[es] the district court's attention on the factual and legal issues that are truly in dispute."[8] If a party fails to make

---

[2] *Id.* at 4.

[3] Doc. 4.

[4] Doc. 5.

[5] 28 U.S.C. § 636(b)(1).

[6] *United States  v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996); *Adkins v. Koduri*, No. 16-4134, 2016 WL 5745550, at *1 (D. Kan. Oct. 3, 2016).

[7] Fed. R. Civ. P. 72(b)(2).

[8] *One Parcel of Real Prop.*, 73 F.3d at 1060; *Adkins*, 2016 WL 5745550, at *1.

2

a proper objection, the court has considerable discretion to review the recommendation under any standard that it finds appropriate.[9]

Because Plaintiff proceeds *pro se*, the Court construes his pleadings liberally.[10] However, the Court does not assume the role of advocate.[11] Also, Plaintiff's *pro se* status does not excuse him from "the burden of alleging sufficient facts on which a recognized legal claim could be based."[12] Plaintiff is not relieved from complying with the rules of the court or facing the consequences of noncompliance.[13]

### III. Discussion

As an initial matter, the Court recognizes Plaintiff's objections to the Report and Recommendations as proper, as the objections are both timely and sufficiently specific to narrow the Court's attention to the issues in dispute. Judge Rushfelt dismissed Plaintiff's claim on two grounds: (1) the Court does not have subject matter jurisdiction; and (2) the Complaint fails to state a claim. The Court agrees that both grounds warrant dismissal.

#### A. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction.[14] A court lacking jurisdiction must dismiss the case, regardless of the stage of the proceeding, when it becomes apparent jurisdiction is lacking.[15] The

---

[9] *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted).

[10] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[11] *Id.*

[12] *Id.*

[13] *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

[14] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent. They draw their jurisdiction form the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1.") (internal citations omitted).

[15] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper.[16] "Thus, plaintiff bears the burden of showing why the case should not be dismissed."[17] Mere conclusory allegations of jurisdiction are not enough.[18] Further, federal district courts lack jurisdiction to review state court judgements under the *Rooker-Feldman* doctrine.[19]

Plaintiff asserts the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff also contends that the Court has jurisdiction pursuant to 28 U.S.C. § 1343, which provides that federal courts have original jurisdiction to hear civil rights cases and cases involving state deprivation of rights secured by the United States Constitution and Acts of Congress.[20]

First, this Court concurs with Judge Rushfelt's Report and Recommendation that the Court does not have diversity jurisdiction because the parties lack complete diversity. "Where jurisdiction is premised on diversity of citizenship under 28 U.S.C. § 1332(a) . . . each plaintiff must be diverse from each defendant to have what is known as complete diversity."[21] Here, Plaintiff alleges he and Defendant KDOR are citizens of Kansas.[22] While Plaintiff alleges Defendant Equip-Bid Auctions is a Missouri corporation, the presence of the KDOR—a Kansas

---

[16]*Montoya*, 296 F.3d at 955.

[17]*Harms v. IRS*, 146 F. Supp.2d 1128, 1130 (D. Kan. 2001).

[18]*United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

[19]*Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991); *Anderson v. Colorado*, 793 F.2d 262, 264 (10th Cir. 1986).

[20]*See* Doc. 1 at 2–3.

[21]*Ravenswood Inv. Co. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011) (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 & n.1 (1989)).

[22]Doc. 1 at 2.

citizen—in this case prevents complete diversity as required by § 1332(a).  Therefore, the Court lacks diversity jurisdiction.

Second, Judge Rushfelt found that the Court lacked subject matter jurisdiction under 28 U.S.C. § 1343 because of the application of the *Rooker-Feldman* doctrine, which "precludes federal district courts from effectively exercising appellate jurisdiction over claims 'actually decided by a state court' and claims 'inextricably intertwined' with a prior state-court judgement."[23]  The Court appears to have relied on Plaintiff's request in his Complaint and in a separate motion for a "stay of proceedings to enforce a judgment" pursuant to Fed. R. Civ. P. 62.[24]  Because Plaintiff requested review of a state "judgment," Judge Rushfelt found that the *Rooker-Feldman* doctrine applied.[25]

Defendant claims in his objection that he does not challenge a state court ruling or judgment, but instead challenges an administrative ruling by KDOR that allowed for seizure of his assets.  The Court acknowledges Defendant's allegation that he challenges an administrative ruling rather than a state court judgment, and thus the *Rooker-Feldman* doctrine appears not to apply.  Indeed, Kansas law provides that the secretary of revenue may issue an administrative warrant commanding the sheriff to levy upon and sell the property of delinquent taxpayers to recover taxes due to the state, and that such warrants have the same effect as "executions issued against property upon judgments of a court of record."[26]

However, even assuming that the *Rooker-Feldman* doctrine does not apply, the Court concurs with and accepts Judge Rushfelt's finding that the Court lacks subject matter jurisdiction

---

[23]*Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1223 (10th Cir. 2006) (quoting *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 473 (10th Cir. 2002)).

[24]*See* Doc. 1 at 4; Doc. 4.

[25]Doc. 7.

[26]K.S.A. § 79-3617.

pursuant to 28 U.S.C. § 1343.  Section 1343 provides that district courts have original jurisdiction over the following civil rights actions:

> **(1)** To recover damages for injury to [] person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;
> **(2)** To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which [the person] had knowledge were about to occur and power to prevent;
> **(3)** To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;
> **(4)** To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.[27]

Section 1343 creates no separate rights, but rather confers a remedy for the enforcement of rights arising under the Constitution or federal law.[28]  Jurisdiction is only proper under § 1343 if Plaintiff alleged a conspiracy as mentioned in 42 U.S.C. § 1985, a deprivation of his constitutional rights under color of state law, or a violation of any act of Congress providing for the protection of civil rights.[29]  Plaintiff alleges a purely state-law claim regarding the recovery of his property pursuant to state tax laws.  He does not allege a conspiracy as mentioned in 42 U.S.C. § 1985, a deprivation of his constitutional rights under color of state law, or a violation of any Act of Congress providing for the protection of civil rights.  Accordingly, the Court finds that it lacks subject matter jurisdiction under § 1343.  Plaintiff's Complaint is therefore dismissed for lack of jurisdiction.

---

[27] 28 U.S.C. § 1343(a).

[28] *Howard v. State Dept. of Highways of Colo. et al.*, 478 F.2d 581, 585 (10th Cir. 1973); *Karlin v. Clayton*, 506 F. Supp. 642, 646 (D. Kan. 1981).

[29] *See* 28 U.S.C. § 1343; *Karlin*, 506 F. Supp. at 646 ("The Court finds that plaintiff has alleged no conspiracy as mentioned in 42 U.S.C. § 1985, no deprivation of his rights under color of state law, and no violation of any Act of Congress providing for the protection of civil rights.  Therefore, this Court does not have jurisdiction pursuant to 28 U.S.C. § 1343."); *Hamdeh v. Lehecka*, No. 14-1184-EFM-KMH, 2014 WL 5390568, at *2 (D. Kan. Oct. 23, 2014).

### B.     Failure to State a Claim

Additionally, the Court accepts Judge Rushfelt's finding that even if this Court had jurisdiction to hear Plaintiff's claims, Plaintiff's Complaint fails to state a claim. In determining whether a case must be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), courts employ the same standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face."[30] To state a claim for relief under Rule 12(b)(6), "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[31] The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but requires more than "a sheer possibility."[32]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[33] Finally, the Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[34]

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but]

---

[30]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[31]*Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[32]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[33]*Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[34]*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

7

we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[35] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[36] Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[37] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[38]

Here, Plaintiff's complaint must be dismissed because Plaintiff recites only threadbare allegations concerning the seizure of his assets. Plaintiff provides no allegations as to who the other secured creditor is, when they perfected their secured interest, and why Plaintiff can assert this secured creditor's interest. Plaintiff alleges that Defendants acted pursuant to either a judgment or an administrative decision that culminated in the seizure of his property, but he does not provide any allegations showing how either decision was defective. Without further allegations demonstrating that Plaintiff is entitled to the assets he describes in his Complaint, the Court cannot find that Plaintiff has stated a plausible claim for relief. Therefore, the Complaint must further be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Michael R. Simmons' Objections to the Report and Recommendations of the United States Magistrate Judge (Doc. 8) are **overruled**. The February 6, 2017 Report and Recommendation (Doc. 7) shall be adopted by the Court as its own. Plaintiff's Complaint is **dismissed**.

---

[35] *Id.*

[36] *Id.* at 679

[37] *Id.*

[38] *Id.* at 678.

**IT IS SO ORDERED.**

Dated: April 6, 2017

                                                        S/ Julie A. Robinson
                                                        JULIE A. ROBINSON
                                                        UNITED STATES DISTRICT JUDGE